IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TROY A. SMOCKS | ) |
|    *Plaintiffs* | ) |
| | ) |
| *v*. | ) Case No. |
| | ) |
| PARLER LLC, | ) |
| NDM ASCENDANT, LLC, | ) |
| JOHN MATZE, | ) |
| REBEKAH MERCER, | ) |
| REBEKAH MERCER 2020 IRREVOCABLE TRUST | ) |
|    *Defendant(s)* | ) |

*"Whenever the people are well informed, they can be trusted with their own government; that whenever things get so far wrong as to attract their notice, they may be relied on to set them to rights."*

*Thomas Jefferson to Richard Price, January 8, 1789*

# CIVIL COMPLAINT

This action commences under provisions of Texas Tort Law for personal injury, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE SEC § 16.003 and ARTICLE 1, SECTION 13 TO THE TEXAS CONSTITUTION, whereas the United States District Court for the Eastern District of Texas has diversity jurisdiction over all matters of law and equity pertaining to this cause.

1

PERSONAL JURISDICTION AND VENUE OVER THE PARTIES

Jurisdiction over the persons of the parties is invoked onto this Court under 28 U.S.C. § 1332(a)(1) whereas the parties are citizens of different states.

ABOUT THE PARTIES

I.      TROY A. SMOCKS, known from hereinafter as the "Plaintiff" to this cause, and is a private citizen. The Plaintiff at all times relevant was a citizen of the state of Texas. The Plaintiff at all times relevant was located in the state of Texas, City of Dallas, when the conduct giving rise to this cause occurred. Plaintiff was discharged from confinement at the Washington, DC Jail on January 12, 2022[1] and in relations to the conduct giving rise to the herein cause of action as set out in this Civil Complaint.

II.     PARLER, LLC, known from hereinafter as "Parler", is a citizen of Delaware, but has a headquarters and principal place of business at 209 South Stephanie Street, Suite B135, Henderson, Nevada. Parler has an agent of contact who is authorized to receive service: Matt Miller, 1100 Main Street, Ste 2700, Kansas City, Missouri, 64130.

---

[1] Article 5535 of Texas Revised Civil Statutes, the Texas "tolling" provision for prisoners, provides that a person *disabled* by imprisonment at the time his cause of action accrues shall have the same time after the removal of his disability in which to commence his action as is allowed to others not similarly disabled. *Winton v. Burton*, 582 F. Supp. 1044, 1049 (E.D. Tex. 1984)

III.  NDM ASCENDANT, LLC, known from hereinafter as ("NDM") is and was at all times relevant, a Delaware limited liability company. NDM Ascendant, LLC, takes the citizenship of one of its members, the Rebekah Mercer 2020 Irrevocable Trust (the "Trust"); and the J.P. Morgan Trust Company, Inc., a Delaware corporate citizen. NDM ASCENDANT, LLC has principal place of business at 209 South Stephanie Street, Suite B135, Henderson, Nevada. NDM is an owner of Parler. NDM has a source of contact by agent who is authorized to receive service: Matt Miller, 1100 Main Street, Ste 2700, Kansas City, Missouri, 64130.

IV.  JOHN MATZE, known from hereinafter as "Matze", is a private citizen and a defendant to this cause. Matze is and was at all times relevant a resident of the state of Nevada and operated on behave of REBEKAH MERCER and NDM ASCENDANT as the CEO (Chief Executive Officer) for Parler. Matze has a source of contact by agent who is authorized to receive service: Todd L. Bice, 400 South 7th Street, Suite 300 Las Vegas, Nevada 89101.

V.  REBEKAH MERCER, known from hereinafter as "Mercer", is a private citizen and a defendant to this cause. Mercer is and was at all times relevant, a resident of New York state, and controls both NDM and Parler. Mercer has a source of contact by agent who is authorized to receive service: Matt Miller, 1100 Main Street, Ste 2700, Kansas City, Missouri, 64130.

VI. REBEKAH MERCER 2020 IRREVOCABLE TRUST, known from hereinafter as "the Trust", a Delaware corporate citizen. THE TRUST, has principal place of business at 209 South Stephanie Street, Suite B135, Henderson, Nevada. NDM is an owner of Parler. NDM has a source of contact by agent who is authorized to receive service: Matt Miller, 1100 Main Street, Ste 2700, Kansas City, Missouri, 64130.

CAUSE OF CIVIL ACTION

VII. Beginning at approximately 11:00 am until approximately 6:00 pm, on January 6, 2021, and unbeknown to Plaintiff at the time, cell phone signals were entirely disrupted by undetermined forces, specifically in the "Stop the Steal" rally area of the Ellispe located in Washington, DC., in that, no text messages, cellular phone calls, or live streaming video were transmitted via their cellular devices as intended by the Plaintiff and other rally attendees. Even President Trump's personal communication device was affected. SEE - https://www.pcmag.com/opinions/why-cell-networks-cut-out-at-the-us-capitol-riot, SEE ALSO -

> "The House committee investigating the January 6 insurrection at the US Capitol is reportedly looking at a "possible cover-up" of White House records focusing on Donald Trump's phone logs from that fateful day, which bear an unexplained gap of seven hours and 37 minutes covering the period when the violence was unfolding."
> https://www.theguardian.com/us-news/2022/mar/29/trump-phone-logs-capitol-attack-january-6

VIII. On or about, January 7, 2021, in the Eastern District of Texas, Defendants, did with negligence, blocked with intent to prevent, censor, and or deter, or caused to be prevented, censored, or deterred, the Plaintiff under the Parler Username "Colonel007" from accessing his Parler account for a personal audit of prior content accuracy, in furtherance of exercising his constitutionally protected First Amendment Right to engage in viewpoint *political speech* on the Parler social media platform.

IX. Upon knowledge and belief, Matze, while performing as CEO and acting independently but to the benefit of Parler, NDM, and Mercer, and The Trust, but while acting without notice to Plaintiff, suspended, obstructed or otherwise permanently blocked and made unavailable, or caused to be suspended, obstructed or otherwise permanently blocked and made unavailable, the Plaintiff's Parler social media account under Username "Colonel007" due to Plaintiff's political viewpoints.

X. Matze acted in violation of Texas censorship laws and in direct violation of Presidential Executive Order 13925, and more specifically Section 2(a)(ii)(B) (May 28, 2020).[2]

---

[2] *Sec. 2. Protections Against Online Censorship*. (a) It is the policy of the United States to foster clear ground rules promoting free and open debate on the internet. Prominent among the ground rules governing that debate is the immunity from liability created by section 230(c) of the Communications Decency Act (section 230(c)). 47 U.S.C. 230(c). It is the policy of the United States that the scope of that immunity should be clarified: the immunity should not extend beyond its text and purpose to provide protection for those who purport to provide users a forum for free

XI. Matze, while performing as CEO and for the benefit of Parler, NDM and Mercer, retaliated or caused to be retaliated against Plaintiff as set forth in Section VIII to this Civil Complaint and incorporated herein, and subsequently caused harm to Plaintiff, solely because of Plaintiff's selection and vote casting for a political candidate, then United States President Donald J. Trump. Matze acted against the Plaintiff in violation of Texas Election Code, Section 276.001(1)(b). [3]

XII. Upon knowledge and belief, on or about January 7, 2021, and while performing as CEO and for the benefit of Parler, NDM, Mercer, and the Trust, Matze colluded with agents and or officers of the federal government (otherwise

---

and open speech, *but in reality use their power over a vital means of communication to engage in deceptive or pretextual actions stifling free and open debate by censoring certain viewpoints.*

… It is the policy of the United States to ensure that, to the maximum extent permissible under the law, this provision is not distorted to provide liability protection for online platforms that—*far from acting in "good faith" to remove objectionable content—instead engage in deceptive or pretextual actions (often contrary to their stated terms of service) to stifle viewpoints with which they disagree.*

When an interactive computer service provider removes or restricts access to content and its actions do not meet the criteria of subparagraph (c)(2)(A), it is engaged in editorial conduct. *It is the policy of the United States that such a provider should properly lose the limited liability shield of subparagraph (c)(2)(A) and be exposed to liability like any traditional editor and publisher that is not an online provider.*

(ii) the conditions under which an action restricting access to or availability of material is not "taken in good faith" within the meaning of subparagraph (c)(2)(A) of section 230, particularly whether actions can be "taken in good faith" if they are:

(B) *taken after failing to provide adequate notice, reasoned explanation, or a meaningful opportunity to be heard;*

[3] Sec. 276.001. RETALIATION AGAINST VOTER. (a) A person commits an offense if, in retaliation against a voter who has voted for or against a candidate or measure or a voter who has refused to reveal how the voter voted, the person knowingly:

(1) harms or threatens to harm the voter by an unlawful act;

(b) An offense under this section is a felony of the third degree.

the United States) to include but not limited to the Federal Bureau of Investigation (FBI), in a scheme to prevent, censor, and or deter Parler users to include the Plaintiff from exercising its constitutionally protected First Amendment Right to engage in *political speech* on its Parler social media platform due to Plaintiff's adverse political viewpoints.

XIII. Upon knowledge and belief, and in furtherance of the collusion as set out in Section XII to this Civil Complaint and incorporated herein, Special Agents from the FBI while acting in violation of federal and Texas state antitrust laws, then conspired independently with APPLE INC., known from herein as Apple; and ALPHABET, INC., known from herein as Google; and AMAZON WEB SERVICES, LLC., known from herein as Amazon.

XIV. The FBI conspired with each company named in Section XIII independently but all with having one and the same objective, to wit: the interference with Parler's online business presence and the elimination of Parler's business competitiveness in the internet social media industry which conduct having a nexus to the Plaintiff.

XV. On March 22, 2021, Matze file a lawsuit against parties to include but not limited to Parler, LLC; NDM Ascendant; and Rebekah Mercer, in the Eighth Judicial District Court of Clark County, Nevada, case number A-21-831556-B.

XVI. In relevant parts Matze pled within the lawsuit Complaint that he:

"served as CEO from Parler's creation and until January 2021, when he was abruptly ousted *** for *** combatting any misuse by violent extremists and domestic terrorists in the wake of the January 6, 2021 attack at the U.S. Capitol. *** Rather than protect Parler, its other owner, Rebekah Mercer, sought to co-opt it as a symbol or as the "tip of the spear" for her brand of conservatism, and plotted to force Matze out as CEO, Manager, and Member".

XVII. Upon knowledge and belief, Matze was fired by Mercer in January 2021, and just days after committing the actions as set out in Part IX thru XIV to this Complain and incorporated herein.

## CLAIMS FOR DAMAGES

XVIII. The DEFENDANTS are sued in the aggregate amount of $370,000,000.00 relating to the herein set out claims:

**Claim 1.** PARLER, is sued in the amount of $10,000,000.00 or other jury imposed award for negligence relating to censorship under §143A.002 Texas Civil Practice[4] as set out in this parts VIII thru XI to this Civil Complaint.

---

[4] **Texas Civil Practice 143A.001** DEFINITIONS. In this chapter:
    (1) "Censor" means to **block, ban, remove, deplatform**, demonetize, de-boost, **restrict, deny equal access or visibility** to, or otherwise discriminate against expression.
    (2) "***Expression" means any word***, music, sound, still or moving image, number, ***or other perceivable communication***.
    (3) "Receive," with respect to an expression, means to read, hear, look at, access, or gain access to the expression.

**Claim 2.** NDM, is sued in the amount of $10,000,000.00 or other jury imposed award predicated upon negligence relating to censorship under §143A.002 Texas Civil Practice[5] as set out in this parts VIII thru XI to this Civil Complaint.

---

(4) "Social media platform" has the meaning assigned by Section 120.001, Business & Commerce Code.
(5) "Unlawful expression" means an expression that is unlawful under the United States Constitution, federal law, the Texas Constitution, or the laws of this state, including expression that constitutes a tort under the laws of this state or the United States.
(6) *"User" means a person who posts, uploads, transmits, shares, or otherwise publishes or receives expression*, through a social media platform. *The term includes a person who has a social media platform account that the social media platform has disabled or locked.*

Sec. 143A.002. CENSORSHIP PROHIBITED. (a) A social media platform may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on:
(1) the viewpoint of the user or another person;
(2) the viewpoint represented in the user's expression or another person's expression; or
(3) a user's geographic location in this state or any part of this state.
(b) This section applies regardless of whether the viewpoint is expressed on a social media platform or through any other medium.

[5] **Texas Civil Practice 143A.001** DEFINITIONS. In this chapter:
(1) "Censor" means to *block, ban, remove, deplatform*, demonetize, de-boost, *restrict, deny equal access or visibility* to, or otherwise discriminate against expression.
(2) *"Expression" means any word*, music, sound, still or moving image, number, *or other perceivable communication*.
(3) "Receive," with respect to an expression, means to read, hear, look at, access, or gain access to the expression.
(4) "Social media platform" has the meaning assigned by Section 120.001, Business & Commerce Code.

**Claim 3.** MATZE, is sued in the amount of $350,000,000.00 or other jury imposed award predicated upon negligence relating to censorship under §143A.002 Texas Civil Practice[6] as set out in this parts VIII thru XI to this Civil Complaint.

---

(5) "Unlawful expression" means an expression that is unlawful under the United States Constitution, federal law, the Texas Constitution, or the laws of this state, including expression that constitutes a tort under the laws of this state or the United States.

(6) *"User" means a person who posts, uploads, transmits, shares, or otherwise publishes or receives expression*, through a social media platform.  *The term includes a person who has a social media platform account that the social media platform has disabled or locked.*

Sec. 143A.002.  CENSORSHIP PROHIBITED.  (a)  A social media platform may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on:

(1)  the viewpoint of the user or another person;

(2)  the viewpoint represented in the user's expression or another person's expression; or

(3)  a user's geographic location in this state or any part of this state.

(b)  This section applies regardless of whether the viewpoint is expressed on a social media platform or through any other medium.

[6] **Texas Civil Practice 143A.001** DEFINITIONS.  In this chapter:

(1) "Censor" means to ***block, ban, remove, deplatform***, demonetize, de-boost, ***restrict, deny equal access or visibility*** to, or otherwise discriminate against expression.

(2) "*Expression" means any word*, music, sound, still or moving image, number, ***or other perceivable communication***.

(3) "Receive," with respect to an expression, means to read, hear, look at, access, or gain access to the expression.

(4) "Social media platform" has the meaning assigned by Section 120.001, Business & Commerce Code.

**Claim 4.** MERCER, is sued in the amount of $10,000,000.00 or other jury imposed award predicated upon negligence relating to censorship under §143A.002 Texas Civil Practice[7] as set out in this parts IX and X to this Civil Complaint.

---

(5) "Unlawful expression" means an expression that is unlawful under the United States Constitution, federal law, the Texas Constitution, or the laws of this state, including expression that constitutes a tort under the laws of this state or the United States.

(6) *"User" means a person who posts, uploads, transmits, shares, or otherwise publishes or receives expression*, through a social media platform. *The term includes a person who has a social media platform account that the social media platform has disabled or locked.*

Sec. 143A.002. CENSORSHIP PROHIBITED. (a) A social media platform may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on:

(1) the viewpoint of the user or another person;

(2) the viewpoint represented in the user's expression or another person's expression; or

(3) a user's geographic location in this state or any part of this state.

(b) This section applies regardless of whether the viewpoint is expressed on a social media platform or through any other medium.

[7] **Texas Civil Practice 143A.001** DEFINITIONS. In this chapter:

(1) "Censor" means to *block, ban, remove, deplatform*, demonetize, de-boost, *restrict, deny equal access or visibility* to, or otherwise discriminate against expression.

(2) "*Expression" means any word*, music, sound, still or moving image, number, *or other perceivable communication*.

(3) "Receive," with respect to an expression, means to read, hear, look at, access, or gain access to the expression.

(4) "Social media platform" has the meaning assigned by Section 120.001, Business & Commerce Code.

THE TRUST, is sued in the amount of $10,000,000.00 or other jury imposed award predicated upon negligence relating to censorship under §143A.002 Texas Civil Practice[8] as set out in this parts VIII thru XI to this Civil Complaint.

---

(5)  "Unlawful expression" means an expression that is unlawful under the United States Constitution, federal law, the Texas Constitution, or the laws of this state, including expression that constitutes a tort under the laws of this state or the United States.

(6) *"User" means a person who posts, uploads, transmits, shares, or otherwise publishes or receives expression*, through a social media platform.  *The term includes a person who has a social media platform account that the social media platform has disabled or locked.*

Sec. 143A.002.  CENSORSHIP PROHIBITED.  (a)  A social media platform may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on:

(1)  the viewpoint of the user or another person;

(2)  the viewpoint represented in the user's expression or another person's expression; or

(3)  a user's geographic location in this state or any part of this state.

(b)  This section applies regardless of whether the viewpoint is expressed on a social media platform or through any other medium.

[8] **Texas Civil Practice 143A.001** DEFINITIONS.  In this chapter:

(1) "Censor" means to *block, ban, remove, deplatform*, demonetize, de-boost, *restrict, deny equal access or visibility* to, or otherwise discriminate against expression.

(2) "*Expression" means any word*, music, sound, still or moving image, number, *or other perceivable communication*.

(3) "Receive," with respect to an expression, means to read, hear, look at, access, or gain access to the expression.

(4) "Social media platform" has the meaning assigned by Section 120.001, Business & Commerce Code.

## PRAYER AND DEMAND FOR JURY TRIAL

XIX.    For all the reasons presented within this Civil Complaint, the Plaintiff through his attorneys demands a trial by jury on all facts in controversy, and for attorney's fees and pre-award interest. Further the Plaintiff prays that this Honorable Court grant punitive damages, injunctive relief, and all other relief that this Court determines to be equitable and just.

Respectfully Submitted,

---

(5)  "Unlawful expression" means an expression that is unlawful under the United States Constitution, federal law, the Texas Constitution, or the laws of this state, including expression that constitutes a tort under the laws of this state or the United States.

(6)  *"User" means a person who posts, uploads, transmits, shares, or otherwise publishes or receives expression*, through a social media platform. *The term includes a person who has a social media platform account that the social media platform has disabled or locked.*

Sec. 143A.002.  CENSORSHIP PROHIBITED.  (a)  A social media platform may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on:

(1)  the viewpoint of the user or another person;

(2)  the viewpoint represented in the user's expression or another person's expression; or

(3)  a user's geographic location in this state or any part of this state.

(b)  This section applies regardless of whether the viewpoint is expressed on a social media platform or through any other medium.

_/s/ (signature)_ _____

MARK J. LIEBERMAN
Texas Bar No. 12332520
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772
Mjc358@hotmail.com
*Lead attorney of record*

STEVEN A METCALF III, ESQ
Metcalf &amp; Metcalf, P.C.
99 Park Avenue, 6th Flr.
New York, NY 10016
(Office) 646.253.0514
(Fax) 646.219.2012
*Pro hac vice*

14