UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TROY A. SMOCKS | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-462-SDJ |
| | § | |
| PARLER LLC, ET AL. | § | |

## ORDER

The Court's jurisdiction over this case remains an open question. Plaintiff Troy A. Smocks has failed to comply with the Court's first order on jurisdictional pleading, (Dkt. #7), which required him to allege a basis for federal jurisdiction. Therefore, the Court **ORDERS** Smocks to file a second amended complaint alleging the facts required to establish federal jurisdiction.

Smocks alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332 due to diversity in the parties' citizenships. "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). Citizenship of an entity depends on its form. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen where each of its members is a citizen. *E.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). These differences require different factual allegations to establish citizenship. A court

1

cannot determine whether federal jurisdiction exists without these allegations. *See MidCap*, 929 F.3d at 313.

Smocks has failed to properly allege diversity of citizenship because he has failed to properly allege the citizenship of Parler, LLC ("Parler"); NDM Ascendant, LLC ("NDM"); and the Rebekah Mercer 2020 Irrevocable Trust ("the Trust"). The Court addresses each of the defects in turn.

*First*, as to Parler, Smocks asserts that it "is a citizen of Nevada, with its headquarters and principal place of business [in the] city of Henderson." (Dkt. #11 at 2). Parler has been identified as a limited liability company. And in the Court's first order on jurisdictional pleading, Smocks was instructed that, because an LLC's citizenship for diversity purposes is determined exclusively by the State(s) where its members are citizens, *see MidCap*, 929 F.3d at 313–14; *see also Harvey*, 542 F.3d at 1080, facts such as the LLC's headquarters and principal place of business are irrelevant to the citizenship inquiry. (Dkt. #7 at 2–3). Inexplicably, however, the only substantive change Smocks has made to his pleading regarding Parler is to change his allegation of Parler's citizenship from Delaware to Nevada, premised once again on the location of Parler's "headquarters and principal place of business." Smocks has still failed to identify Parler's members and their respective citizenships, which will determine whether Parler is a citizen of Delaware, Nevada, or some other State(s). Absent such allegations, the Court cannot know if it has diversity jurisdiction.

*Second*, as to NDM, Smocks appears to identify it as a limited liability company holding citizenship in both Nevada and Delaware. (Dkt. #11 at 2–3). To support his

claim of Nevada citizenship, Smocks alleges only that NDM has a principal location in Henderson, Nevada—a fact that is irrelevant to determining an LLC's citizenship. As to his allegation of NDM's Delaware citizenship, Smocks identifies only one of its members as a citizen of Delaware, ignoring the Court's previous instruction that a limited liability company is a citizen where *each of its members* is a citizen. (Dkt. #7 at 3 (citing *Harvey*, 542 F.3d at 1080)). In his amended complaint, Smocks must identify each of NDM's members and their respective citizenships, not just one of them.

*Third*, as to the Trust, Smocks asserts that it is "a Delaware corporate [citizen]." (Dkt. #11 at 4). This is yet another instance in which Smocks has ignored the Court's instruction to identify the trustees or their respective citizenships. (Dkt. #7 at 4 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464–65, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (holding that citizenship of a trust is based on each trustee who is a real party in interest))). In his amended complaint, Smocks must identify the Trust's trustees who are real parties in interest and their respective citizenships.

For these reasons, the Court **ORDERS** that, by no later than **Monday, July 10, 2023**, Smocks must file a second amended complaint that alleges facts sufficient to invoke this Court's jurisdiction. If Smocks once again fails to properly allege facts establishing this Court's jurisdiction, the case may be dismissed.

**So ORDERED and SIGNED this 28th day of June, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE