UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TROY A. SMOCKS | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-462-SDJ |
| | § | |
| PARLER LLC, ET AL. | § | |

## DISMISSAL ORDER

Plaintiff Troy A. Smocks has had three opportunities to file a complaint that properly alleges subject-matter jurisdiction. On all three occasions, he has failed to do so. Accordingly, the Court must presume that subject matter jurisdiction does not exist, and thus the case must be dismissed.

Smocks alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332 due to diversity in the parties' citizenships. But he has repeatedly failed to allege facts supporting diversity jurisdiction. The Court has issued two orders on jurisdictional pleading in this matter. (Dkt. #7, #12). In both orders, the Court identified in detail Smocks's pleading deficiencies and gave him opportunities to re-file his complaint to remedy them. After Smocks failed to heed the Court's instructions the second time, the Court warned that "[i]f Smocks once again fails to properly allege facts establishing this Court's jurisdiction, the case may be dismissed." (Dkt. #12 at 3).

Even given a third opportunity, Smocks's Second Amended Complaint has proven Smocks to be unable or unwilling to heed the Court's instructions. As the Court has previously instructed, "[t]o properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v.*

1

*Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). Citizenship of an entity depends on its form. A limited liability company is a citizen where each of its members is a citizen. *E.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). These differences require different factual allegations to establish citizenship. A court cannot determine whether federal jurisdiction exists without these allegations. *See MidCap*, 929 F.3d at 313. Smocks has failed to properly allege the citizenship of at least two defendants.

*First*, as to Parler, LLC ("Parler"), Smocks now asserts that it is a citizen of Tennessee, "with its headquarters and principal place of business [in] Nashville." (Dkt. #13 at 2). Parler has been identified as a limited liability company. And in both of the Court's orders on jurisdictional pleading, Smocks was instructed that, because an LLC's citizenship for diversity purposes is determined exclusively by the State(s) where its members are citizens, *see MidCap*, 929 F.3d at 313–14; *see also Harvey*, 542 F.3d at 1080, facts such as the LLC's headquarters and principal place of business are irrelevant to the citizenship inquiry. (Dkt. #7 at 2–3); (Dkt. #12 at 2).

Smocks elsewhere mentions that Rebekah Mercer is Parler's "sole board member," (Dkt. #13 at 3), but to the extent this is intended to be the equivalent of pleading that Rebekah Mercer is the LLC's sole "member," it falls short. The citizenship of an LLC's "board member" does not determine the citizenship of an LLC any more than the citizenship of board members determines the citizenship of a

2

corporation. The relevant inquiry is the citizenship of the "member" or "members" of the LLC. *Harvey*, 542 F.3d at 1080; *see also Palikan v. Longs Drugs*, No. 21-00171 JAO-RT, 2021 WL 2007389, at *2 (D. Hawai'i May 19, 2021) ("Plaintiff continues to treat executives/officers and board members as owners/members but has not demonstrated that they are in fact owners/members of the LLC Defendants. An individual is not an owner/member of an LLC based solely on employment and/or affiliation."). "A 'membership interest' is an ownership interest in a limited liability company and is akin to an interest in stock of a corporation." 51 Am. Jur. 2d Limited Liability Companies § 6 (citing *In re Stroup*, 521 B.R. 84, 88 (Bankr. M.D. Pa. 2014)). On the other hand, a "board of directors is the primary agent for the management of the corporation." 18B Am. Jur. 2d Corporations § 1139. In sum, identifying Ms. Mercer as the sole "board member" of Parler does not tell the Court whether she is a "member" or the "sole member" of the LLC, which is what matters for the diversity jurisdiction inquiry.

Additionally, throughout his pleadings, Smocks has shifted his allegation of Parler's citizenship. From Delaware, (Dkt. #1 at 2), to Nevada, (Dkt. #11 at 2), to Tennessee, (Dkt. #13 at 2), at every turn Smocks has submitted confused and jumbled allegations. Indeed, it seems the only constant when it comes to Smocks's allegations of Parler's citizenship is that he uses irrelevant factual information such as Parler's headquarters and principal place of business to attempt to establish diversity jurisdiction. Smocks has consistently failed to properly identify Parler's members and their respective citizenships, which would determine whether Parler is a citizen of

3

Delaware, Nevada, Tennessee, or some other State(s). Absent such allegations, the Court cannot know if it has diversity jurisdiction.

*Second*, as to NDM Ascendant, LLC ("NDM"), Smocks identifies it as a limited liability company with citizenship in Delaware. (Dkt. #13 at 2). In support of this claim, Smocks asserts that NDM "[t]akes the citizenship of one of its members," which the Court has specifically told Smocks is insufficient on more than one occasion. *See* (Dkt. #7 at 3) ("Smocks must identify each of NDM's members and their respective citizenships, not just one of them"); (Dkt. #12 at 3) (same).

Smocks has had multiple opportunities to properly plead subject-matter jurisdiction. Each time, he has proven himself unable to do so.

It is therefore **ORDERED** that that all claims asserted by Troy A. Smocks against all Defendants in this action are **DISMISSED without prejudice**.

The Clerk is directed to **CLOSE** this civil action. This is a final judgment.

> **So ORDERED and SIGNED this 11th day of July, 2023.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE